**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00199-CR**
_____

**CHARLES LAMAR HICKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F12-13646**

_____

**MEMORANDUM OPINION**

Appellant Charles Lamar Hicks appeals from the trial court's order denying his motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. arts. 64.01, 64.03, & 64.05. The trial court denied the motion, and Hicks challenged the trial court's order by filing this appeal.

We previously reviewed the direct appeal of Hicks's conviction for aggravated robbery. *See Hicks v. State*, No. 09-12-00474-CR, 2013 Tex. App.

1

LEXIS 8355 (Tex. App.—Beaumont July 10, 2013, pet. ref'd) (mem. op., not designated for publication). In 2012, a jury found Hicks guilty as charged and sentenced him to life in prison as a habitual offender. *See id.* at *1; *see also* Tex. Penal Code Ann. § 29.02(a)(2), 29.03(a)(2). This Court affirmed Hicks's conviction, concluding that the evidence was sufficient. *Hicks*, 2013 Tex. App. LEXIS 8355, at *6, *9. All four family members who were victimized in the crime testified at trial and identified Hicks as the perpetrator. *See id.* at **1-3.

Then in February of 2023, Hicks filed a pro se post-conviction motion requesting "Y-Chromosome (Y-STR") DNA testing" of several articles of evidence in his case. In May of 2023, the trial court denied Hicks's motion, and in the order denying the motion the trial court states that, after considering Hicks's motion, the trial court's file from Hicks's conviction for aggravated robbery, and this Court's opinion in Hicks's direct appeal, Hicks had not met his burden of proof, he had not identified any physical evidence in the State's possession that could contain biological evidence amenable to DNA testing, and he had not "established by a preponderance of the evidence that he would not have been convicted if 'exculpatory' results had been obtained through DNA testing." *See* Tex. Code Crim. Proc. Ann. art. 64.03. Hicks then filed a notice of appeal challenging the trial court's denial of his motion for post-conviction DNA testing.

2

On appeal, Hicks's court-appointed attorney filed a brief stating that he has reviewed the case, and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Hicks to file a pro se brief, and Hicks filed a pro se brief in response. The State subsequently filed a brief.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a pro se brief, the appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We do not address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have made a full examination and reviewed the entire record of the proceedings, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at

3

827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1"). Therefore, we find it unnecessary to order the appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's order.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on January 5, 2024
Opinion Delivered January 24, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ

---

[1] Hicks may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.